### BIGELOW v. WOOLVERTON.

(Supreme Court, Appellate Division, First Department. April 21, 1911.)

APPEAL AND ERROR (§ 173*)—REVIEW—QUESTIONS PRESENTED FOR REVIEW.

> A defendant cannot on appeal defeat a judgment by proving defenses which were neither pleaded nor proven below.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

Appeal from Appellate Term.

Action by Margaret Gassaway Bigelow against William H. Woolverton, as president of the New York Transfer Company, an unincorporated association. From a judgment of the Appellate Term (65 Misc. Rep. 178, 119 N. Y. Supp. 630), reversing a judgment of the Municipal Court in favor of the plaintiff, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Harley L. Stowell, for appellant.
Robert L. Redfield, for respondent.

SCOTT, J. This is an appeal from a determination of the Appellate Term, reversing a judgment of the Municipal Court in favor of plaintiff.

The plaintiff, in company with her husband, was traveling from Atlantic City to the city of New York. They had with them a single trunk, belonging to the husband, which contained the clothing of both. On the train an agent of the transfer company, of which defendant is president, was employed by plaintiff's husband to convey the trunk to an hotel. The agent took the railroad company's check, and gave a receipt, which was not produced in evidence. The trunk was never delivered. The complaint alleges that the association of which defendant is president is a common carrier, and this is not denied.

The defense relied on in the answer is based upon an alleged special contract evidenced by the receipt; but no such contract was proven, and, even if it had been, it would probably not have availed the defendant. The defense mainly relied upon, and what apparently influenced the determination appealed from, is one which was neither pleaded nor proven, to wit, that the husband had sued and recovered

judgment for the value of his property contained in the trunk. But, if that fact had been both pleaded and proven, it would apparently have been no answer to plaintiff's action for the value of her own separate property. Talcott v. Wabash R. Co., 159 N. Y. 461, 54 N. E. 1.

The determination appealed from must be reversed, and the judgment of the Municipal Court affirmed, with costs and disbursements in this court and in the Appellate Term. All concur.